IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH ELLIS,** )<br>       **Plaintiff,** )<br>       )<br>      v.       )<br>       )<br>       )<br>**UNITED STATES OF AMERICA,** )<br>       **Defendant.** ) | **C.A. No. 05-286 Erie**<br><br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Defendant's motion to dismiss or, in the alternative, motion for summary judgment [Document # 16] be granted.

**II.    REPORT**

    **A.    Relevant Procedural History**

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania, filed this *pro se* action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* against Defendant United States of America. In his amended complaint, Plaintiff alleges that the government was negligent in allowing him to be exposed to environmental tobacco smoke ("ETS") at FCI-McKean and FDC-Philadelphia from July 3, 2001 to on or about May 7, 2004.[1] (Document # 6, Complaint, at p. 3). Plaintiff alleges that his prolonged exposure to ETS has "unreasonably endangered his future health." (Id. at p. 2). As relief, Plaintiff seeks six million dollars in compensatory damages.

Presently before this Court is Defendant's motion to dismiss or, in the alternative,

---

[1] Plaintiff was transferred from FCI-McKean to FDC-Philadelphia on April 7, 2003, and remained there until July 14, 2003, at which time he was transferred back to FCI-McKean.

1

motion for summary judgment [Document # 16].  Plaintiff has filed an opposition brief and the United States has filed a supplemental brief.  This matter is now ripe for disposition by this Court.

### B. Standards of Review
#### 1. *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2. Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1)

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the as deficient on its face, the Court must take all allegations in the complaints as true.  Mortensen v. First Federal Sav. and Loan Ass'n., 549

2

F.2d 884, 891 (3d Cir. 1977).  However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact.  Id. at 891.  See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

### 3. Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 4. Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56

The United States has submitted exhibits and a declaration in support of its motion to dismiss.  Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998).  ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment.");  Greer v.

3

Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary

4

judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C. Statute of Limitations

Defendant moves to dismiss Plaintiff's claims arising from his alleged ETS exposure at FCI McKean due to Plaintiff's failure to file his complaint within the applicable statute of limitations.

The Federal Tort Claims Act grants jurisdiction to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a). The FTCA sets forth the government's consent to be sued for the negligent conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." Howell v. United States, 932 F.2d 915, 917 (11th Cir.1991) (citations omitted). The consent contained in the FTCA is limited. 28 U.S.C. § 2680(a)-(n); United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). The burden of establishing subject matter jurisdiction in this case lies with the plaintiff. Robinson v. U.S., 849 F.Supp. 799, 801 (S.D.Ga.1994).

The FTCA specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by the agency as a non-waivable prerequisite to the filing of the

5

lawsuit.  28 U.S.C. § 2675(a); See also Williams v. United States, 1995 WL 769497 (E.D.Pa. 1995) citing Bradley v. United States, 856 F.2d 575 (3d Cir. 1988), vacated on other grounds, 490 U.S. 1002 (1989).  The FTCA further provides that any lawsuit must be filed in court within six months of the rejection of the claim by the agency.  28 U.S.C. § 2401(b).

In this case, Plaintiff submitted his first administrative tort with the Federal Bureau of Prisons ("BOP") on May 7, 2004, seeking $11,111,000.00 for alleged exposure to secondhand smoke at FCI McKean between July 2001 and April 29, 2004. (Document # 17, Exhibit 1b). This claim was denied by the BOP's Northeast Regional Counsel by memorandum dated October 29, 2004. (Document # 17, Exhibit 1d).  Plaintiff signed an acknowledgment that he received the denial of his claim on November 16, 2004. (Document # 17, Exhibit 1e).  On March 17, 2005, Plaintiff submitted a letter to the BOP requesting reconsideration of the denial of his administrative tort claim. (Document # 17, Exhibit 1f).  By letter dated March 25, 2005, the Northeast Regional Counsel rejected Plaintiff's request because he failed to submit any additional documentation that would warrant reconsideration. (Document # 17, Exhibit 1g).

Plaintiff's complaint in this matter is dated September 22, 2005, and was received by the Clerk of Court on October 3, 2005, nearly eleven months after Plaintiff received notice of the denial of his first administrative tort claim and, thus, well beyond the FTCA's six-month statute of limitations for an FTCA claim.  Even if March 25, 2005 - the date the BOP denied Plaintiff's request for reconsideration of his first administrative tort claim - is used as the benchmark, this action was still filed more than six months beyond such date.  Therefore, Plaintiff's FTCA claim regarding his alleged ETS exposure at FCI McKean from July 2001 to April 29, 2004, should be dismissed from this action for Plaintiff's failure to comply with the applicable six-month statute of limitations.

### D.     The Discretionary Function Exception to the FTCA

Defendant moves to dismiss the remainder of Plaintiff's FTCA claim regarding his alleged ETS exposure at FDC-Philadelphia from April 2003 to August 2003, because it is excluded from the FTCA's waiver of sovereign immunity by the discretionary function

6

exception.

While the FTCA generally grants jurisdiction to the tort plaintiff, there are some notable exceptions to the Act that put certain actions by government employees beyond the jurisdiction of the federal courts.  One such exception that the government raises here is the discretionary function exception. Complaints that fall within the discretionary function exception must be dismissed for a lack of subject matter jurisdiction.  Attallah v. United States, 955 F.2d 776, 783 (1st Cir. 1992).

The statute provides that the United States is immune from liability for any claim

> "based upon an act or omission of an employee of the Government exercising due care, in the execution of a statute or regulation ... or based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

28 U.S.C. § 2680 (a) (1988).   The discretionary function exception to the FTCA "marks the boundary between Congress's willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." United States v. S.A. Empresa Biacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984).  The purpose of the exception to liability is to avoid judicial second-guessing of legislative and administrative decisions that are grounded in social, economic, and political policies.  United States v. Gaubert, 499 U.S. 315, 323 (1991).

The Supreme Court has provided a two-part inquiry, frequently referred to as the Berkovitz-Gaubert test, to guide the application of the discretionary function exception. Berkovitz v. United States, 486 U.S. 531 (1988);  Gaubert, 499 U.S. at 322.  First, a district court must determine whether the nature of the conduct involves an "element of judgment or choice."  Mitchell v. United States, 225 F.3d 361, 363 (3d Cir. 2000), citing Gaubert, 499 U.S. at 322.  "Government conduct does not involve an element of judgment or choice, and thus is not discretionary, if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive."  Ochran v. United States, 117 F.3d 495, 499 (11th Cir. 1997), citing Gaubert, 499

7

U.S. at 322. In other words, when the conduct is specifically mandated by statute or regulation and does not provide any employee discretion, the challenged conduct is not entitled to immunity and thus, subject matter jurisdiction exists. Second, "even if the challenged conduct involves an element of judgment, the court must determine 'whether the judgment is of the kind that the discretionary function exception was designed to shield.'" Mitchell, 225 F.3d at 363, quoting Gaubert, 499 U.S. at 322-23. The "focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by the statute, but on the nature of the actions taken and on whether they are susceptible to policy analysis." Id.

The operation of a federal prison involves a wide range of social and economic considerations, with social concerns and considerations that are markedly different from the issues that arise in the operation of any other organization. Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 129 (1977). Although the prison officials of the United States have a statutory duty[2] to protect inmates from harm, generally decisions regarding the best way to safeguard prisoners are discretionary in nature and do not provide subject matter jurisdiction to the federal courts for negligence claims against the United States. See Castillo v. United States, 2006 WL 45554 (3d Cir. January 10, 2006) (integration plan involving two rival gangs which resulted in a melee within discretionary function exception); Cohen v. United States, 151 F.3d 1338, 1340-45 (11th Cir. 1998) (charge of negligence for improperly classifying assailant inmate at the lowest security level within discretionary function exception); Dykstra v. United States Bureau of Prisons, 140 F.3d 791, 795-97 (8th Cir. 1998) (charges of negligence for failing to warn inmate that his youthful appearance made him vulnerable to sexual attack and failure to act on plaintiff's complaint that other inmate was staring at him in a sexual manner within the discretionary function exception); Calderon v. United States, 123 F.3d 947, 948-51 (7th Cir.

---

[2]

Title 18 U.S.C. § 4042(a)(2), (3) provides:

> The Bureau of Prisons ... shall ... provide ... for the safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States ... [and] provide for the protection ... of all persons charged with or convicted of offenses against the United States.

8

1997) (charge of negligence for ignoring repeated information about threats against plaintiff by another inmate prior to attack within discretionary function exception); and Buchanan v. United States, 915 F.2d 969 (5th Cir. 1990) (discretionary function exception applied to prisoners' FTCA claim for damages sustained while prisoners were held hostage by Cuban detainees during a prison uprising).

With respect to the use of tobacco products, Bureau of Prisons staff are directed by regulation which provides that "all areas of Bureau of Prisons facilities [...] are no smoking areas unless specifically designated as a smoking area by the Warden as set forth in § 551.163."  28 C.F.R. § 551.162.  Section 551.163 provides that the Warden make determinations regarding the use of tobacco products:

> ... **the Warden shall identify outdoor smoking areas and may, but is not required to, designate** a limited number of indoor smoking areas where the needs of effective operation so require, especially for those who may be employed in, or restricted to, a nonsmoking area for an extended period of time.
>
> * * *
>
> **To the maximum extent practicable**, nonsmoking inmates shall be housed in nonsmoking living quarters.

28 C.F.R. § 551.163(b) and (c) (emphasis added).  The regulation gives explicit discretion to the Warden to make these decisions, thereby satisfying the first prong of the Berkovitz-Gaubert inquiry.

Next, this Court must determine whether the employee's judgment is the kind Congress intended to shield from liability (in other words, whether the decision is grounded in social, economic, or political policy).  Gaubert, 499 U.S. at 322-23.  If a regulation gives an employee discretion, "the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation" is inextricably intertwined with the policy considerations which lead to the creation of the regulation.  Id. at 324.  In this case, the stated purpose of the regulation is "to advance towards becoming a clean air environment and to protect the health and safety of staff and inmates."  28 C.F.R. § 551.160.  Given the presumption toward policy considerations leading to the creation of the regulation and the stated purpose within the

9

regulation, this Court finds that the second prong of <u>Berkovitz-Gaubert</u> is satisfied.

This Court lacks subject matter jurisdiction over Plaintiff's claim as the discretionary function exception to the Federal Tort Claims Act applies in this case.

In light of the regulations, the Warden at FDC-Philadelphia issued an Institutional Supplement on or about November 9, 2001, which provided, in pertinent part, as follows:

> 7. <u>DESIGNATED NO SMOKING AREAS</u>
>
> All indoor areas of the institution and government vehicles are non-smoking areas unless specifically designated by the Warden and listed in Section 8 of this Supplement.
>
> 8. <u>DESIGNATED SMOKING AREAS</u>
>
> The physical layout has been reviewed for the following areas and they have been designated as smoking areas:
>
> Smoking for inmates is authorized during posted smoking hours on the outdoor recreation decks, located on the third through seventh floors of inmate housing units.
>
> 9. <u>HOUSEKEEPING, SANITATION and PROTECTION OF PROPERTY</u>
>
> c. Smoking will not be permitted within ten feet of any doorway, common hall or corridor that is designated as a non-smoking area as not to expose others to second hand smoke.
>
> d. Designated smoking areas will be clearly identified by the placement of signs. The absence of a sign will clearly identify the area as non-smoking.
>
> e. To maintain a healthy, safe, and smoke-free environment for non-smokers, violators of the Institution Supplement will have appropriate disciplinary action taken for failure to observe smoking regulations.

(Document # 17, Exhibit 5a).

Plaintiff acknowledges that this "policy permitted staff and inmates to smoke in the close-in yard which is directly attached to the housing units." (Document # 6, Complaint, at p.

10

3).³  As a result, Plaintiff claims that "it was impossible to escape the ETS, especially while near the close-in yard for daily recreational activities." (Id.).  However, Plaintiff's arguments in this regard are irrelevant to the legal analysis.  Once a particular function is found to be discretionary, a negligence claim fails, even if the Bureau of Prisons abused its discretion or was negligent in the performance of its discretionary functions. Smith v. Johns-Manville Corp., 795 F.2d 301, 308 n.10 (3d Cir. 1986); General Public Utilities Corp. v. U.S., 745 F.2d 239, 245 (3d Cir. 1984) ("That in hindsight the Commission's judgment may have been ill-advised in no way changes the character of the function under scrutiny."); Bailor v. Salvation Army, 51 F.3d 678, 685 (7th Cir. 1995).  Here, the Warden's directive allowing smoking on the outdoor recreation decks during authorized hours was clearly within his discretion to implement pursuant to the BOP's regulation.

Accordingly, summary judgment should be awarded to Defendant as this Court lacks subject matter jurisdiction over this claim pursuant to the FTCA's discretionary function exception.

### E.  Actual Injury

Alternatively, in its supplemental brief, Defendant argues that all of Plaintiff's claims should be dismissed because he cannot demonstrate that he has suffered any ETS-related injury. (Document # 22 at p. 2).  This claim is supported by the medical record in this case, which demonstrates that the only medical treatment Plaintiff received during the time period at issue was for rectal bleeding, a viral syndrome, and lower back strain. (See Declaration of Dennis Olson, M.D., attached as Exhibit 2 to Document # 22, at ¶¶ 4b, 4e, and 4f).⁴

---

³ It is presumed that the "close-in yard" refers to the outdoor recreation decks mentioned in paragraph 7 of FDC-Philadelphia's Institutional Supplement.

⁴ The medical record belies Plaintiff's claim that "[a]s a result of [ETS] exposure, Plaintiff has continuously suffered from nausea, loss of appetite, headaches, chest pain, breathing difficulties, numbness and [sic] limbs, teary eyes, itching, burning skin, dizziness, sore throat, coughing, as well as future additional " (Document # 6, Complaint, p. 3).

11

Under Pennsylvania law, no cause of action for personal injury arises until there has been an actual injury. See, e.g., Openbrier v. General Mills, 340 Pa. 167, 169 (1940); Emert v. Larami Corp., 414 Pa. 396 (1964). Indeed, "[a] basic tenet of tort law is that the plaintiff cannot recover without proof of actual injury or damage." Peterman v. Techallov Company, Inc., 1982 WL 124 (Pa.Com.Pl. 1982), citing Troutman v. Tabb, 285 Pa. Super. 353, 359 (1981)("We are also guided by the rule that in a negligence action proof of damage is an essential element. Nominal damages cannot be recovered where no actual loss has occurred"). "When a plaintiff fails to establish damage in a tort action, the defendant is entitled to a verdict although guilty of negligence." Sisk v. Duffy, 201 Pa.Super. 213, 216 (1963); Troutman, 285 Pa.Super. At 359. Thus, a tort claim action cannot be sustained on the basis of speculative future injuries. See Peterman, 1982 WL at * 3.

Here, while Plaintiff claims to have suffered a plethora of current and future ailments, the medical record plainly reveals that all such ailments are purely speculative in nature. As a result, Plaintiff's negligence claims against Defendant should be dismissed.

### III.    CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Defendant's motion to dismiss or, in the alternative, motion for summary judgment [Document # 16] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief United States Magistrate Judge

Dated: June 29, 2006